**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ) | | |
|       Plaintiff ) | | |
| ) | | |
| **v.** ) | | 3:00-CR-442-R(03) |
| ) | | (3:05-CV-1189-R) |
| **MELODY DAWSON.** ) | | |
|       Defendant/Movant. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), which was docketed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Parties: Movant is presently serving a five-year probated sentence. She resides in Grand Prairie, Texas. The court has not ordered the government to respond.

Statement of the Case: Movant pled guilty, pursuant to a plea agreement, to making a false statement before a grand jury in violation of 18 U.S.C. § 1623(a). United States v. Dawson, 3:00cr442-R (N.D. Tex., Dallas Div.). Punishment was assessed at five years probation and restitution in the amount of $68,214.71. Id. Defendant did not appeal her conviction and sentence. Instead, she sought leave to file an out-of-time appeal eight months after judgment was entered. The trial court granted her motion, but the Fifth Circuit dismissed the appeal for

lack of jurisdiction.  United States v. Dawson, No. 03-10746 (5th Cir. Jun. 30, 2004).

Thereafter, Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging (1) the government breached the plea agreement by withdrawing its initial offer of pretrial diversion, and by seeking restitution; and (2) trial counsel failed to protect her right to an appeal.  See 3:00cr0442-R.  See Dawson v. United States, 3:04cv1514-R (N.D. Tex., Dallas Div.).  On October 7, 2004, the District Court adopted the findings, conclusions and recommendation of the magistrate judge and denied the § 2255.  Id.  The Fifth Circuit denied a certificate of appealability.  See No. 04-11312.

On June 3, 2005, Movant filed the present motion for relief from judgment under Fed. R. Civ. P. 60(b).  (See Mot. for Relief from Judgment at 1).  She challenges her judgment of conviction entered in June 2002, alleging that restitution was imposed in contravention of the Government's statement at the plea hearing on March 11, 2002.  (Id. at 1).

Findings and Conclusions:  Although Movant's motion relies on Federal Rule of Civil Procedure 60(b), it attacks the validity of her federal conviction and, hence, the legality of the sentence that she is currently serving.  This can be done only in a motion under 28 U.S.C. § 2255.  The Fifth Circuit Court of Appeals has long held that § 2255 "provides the primary means of collateral attack on a federal sentence."  Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).  The Fifth Circuit has also held that "courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds as § 2255 motions."  United States v. Rich, 141 F.3d 550, 551 and 553 (5th Cir. 1998).

Movant previously filed a § 2255 motion which was denied. This court must, therefore, consider whether the present motion is in substance a second or successive § 2255 motion, which may not be filed without precertification by the court of appeals that the motion meets certain stringent criteria. See 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255. In general, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir.), cert. denied, 540 U.S. 910 (2003); United States v. Orozco-Ramirez, 211 F.3d 862, 868 and 870 (5th Cir. 2000).

The claims that Movant seeks to raise in the present motion were available to her when she filed her initial § 2255 motion. See Orozco-Ramirez, 211 F.3d at 870. Movant was fully aware about the restitution imposed at her sentencing hearing. She conceded as much when she filed her first § 2255 motion alleging the government had breached the plea agreement by withdrawing its initial offer of pretrial diversion and by seeking restitution. Therefore, the court concludes that the Rule 60(b) motion, construed as a § 2255 motion, is "second or successive" under the AEDPA, and should be dismissed for want of jurisdiction. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999) (district court lacked jurisdiction to consider the present § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (same). Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d 364, 364 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court

of Appeals).[1]

To the extent Movant seeks to set aside the District Court's order denying her first § 2255 motion, this court likewise concludes that her Rule 60(b) motion is the equivalent of a second or successive motion under § 2255. In <u>Gonzalez v. Crosby</u>, ___ U.S. ___, 125 S.Ct. 2641, 2647-48 (2005), the Supreme Court recently held that a motion for relief from judgment, which seeks to advance one or more substantive claims, qualified as a second or successive habeas petition, whereas a motion for relief from judgment, which challenges only a district court's previous ruling which precluded a merits determination – i.e., a denial/dismissal for failure to exhaust, procedural default, or statute-of-limitations bar – was not the equivalent of a second or successive habeas petition. In so holding, the Court explained as follows:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rules 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by

---

[1] To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

> the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

Id. at 2648.[2]

In this case, Movant's Rule 60(b) motion advances a new substantive claim, which renews her challenge to the restitution imposed at sentencing. In accordance with Gonzalez, such a claim renders her Rule 60(b) motion the equivalent of a second or successive § 2255 motion.

---

[2] Although the Gonzalez opinion dealt with habeas corpus proceedings under 28 U.S.C. § 2254, its holding is equally applicable in the § 2255 context.

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's Rule 60(b) motion for relief from judgment, construed as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, be dismissed for want of jurisdiction but without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

The clerk will mail a copy of this recommendation to Movant Melody Dawson, 2820 Timber Court, Grand Prairie, Texas 75052.

Signed this 28th day of July, 2005.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.